ACCEPTED
03-14-00716-CV
4961709
THIRD COURT OF APPEALS
AUSTIN, TEXAS
4/20/2015 6:23:29 PM
JEFFREY D. KYLE
CLERK

**No. 03-14-00716-CV**

**In the Court of Appeals
for the
Third Court of Appeals District Court of Texas
Sitting at Austin, Texas**

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
4/20/2015 6:23:29 PM
JEFFREY D. KYLE
Clerk

---

**Janos Farkas, Appellant**

**vs.**

**Wells Fargo Bank, N.A. and Brice, Vander Linden & Wernick, P.C. n/k/a
Buckley Madole, P.C., Appellee**

---

**On Appeal from the 201st District Court
Travis County, Texas**

---

**Appellee's Brief,**

**Brice, Vander Linden & Wernick, P.C. n/k/a Buckley Madole, P.C.**

---

**Buckley Madole, P.C.
Sammy Hooda SBN: 24064032
Luke Madole SBN: 12801800
14841 Dallas Parkway, Suite 425
Dallas, Texas 75254
Telephone: (972) 643-6600
Facsimile: (972) 643-6699
Email: sammy.hooda@buckleymadole.com
Attorney for Appellee
Brice, Vander Linden & Wernick, P.C., n/k/a
Buckley Madole, P.C.**

**ORAL ARGUMENT NOT REQUESTED**

**No. 03-14-00716-CV**

**In the Court of Appeals**
**for the**
**Third Court of Appeals District of Texas**
**Sitting at Austin, Texas**

---

**Janos Farkas, Appellant**

**vs.**

**Wells Fargo Bank, N.A. and Brice, Vander Linden & Wernick, P.C. n/k/a**
**Buckley Madole, P.C., Appellee**

---

**On Appeal from the 201st District Court**
**Travis County, Texas**

---

**Appellee's Brief,**

**Brice, Vander Linden & Wernick, P.C. n/k/a Buckley Madole, P.C.**

---

**Buckley Madole, P.C.**
**Sammy Hooda SBN: 24064032**
**Luke Madole SBN: 12801800**
**14841 Dallas Parkway, Suite 425**
**Dallas, Texas 75254**
**Telephone: (972) 643-6600**
**Facsimile: (972) 643-6699**
**Email: sammy.hooda@buckleymadole.com**
**Attorney for Appellee**
**Brice, Vander Linden & Wernick, P.C., n/k/a**
**Buckley Madole, P.C.**

**ORAL ARGUMENT NOT REQUESTED**

**Table of Contents**

Table of Contents ..................................................................................................2

Identity of the Parties and Counsel ........................................................................3

Index of Authorities ................................................................................................4

Statement of the Case..............................................................................................6

Statement Regarding Oral Argument ......................................................................7

Issues Presented for Review ...................................................................................8

   1.  Whether trial court erred in denying Frakas' partial motion for summary judgment, and in granting Brice's traditional and no-evidence motion for summary judgment on Farkas' claims for violations of the Texas Debt Collection Act, Texas Finance Code and Chapter 12 of the Civil Practice and Remedies Code. ..................................................................................................8

Statement of Facts...................................................................................................9

Summary of the Argument.....................................................................................10

Argument and Authorities......................................................................................11

   I.   Standards of Review.................................................................................11

      A.  Traditional Motion for Summary Judgment .................................................11

      B.  No-Evidence Motion for Summary Judgment ............................................11

   II.  The trial court did not err in granting Brice's traditional and no-evidence motion for summary judgment on Farkas' claims for violations of the Texas Debt Collection Act, Texas Finance Code and Chapter 12 of the Civil Practice and Remedies Code. ......................................................................................12

      A.  Brice is entitled to the affirmative defense of attorney immunity as to Farkas' TDCA and TFC claims.........................................................................13

      B.  Farkas' CPRC Chapter 12 violation claims fail as a matter of law. ...........16

Conclusion and Prayer ..........................................................................................19

Certificate of Compliance ....................................................................................21

Certificate of Service ...........................................................................................21

## Identity of the Parties and Counsel

(1) **Appellant**
Janos Farkas
(Plaintiff in the underlying action)

*Represented by:*
William D. Davis
Bar No. 00796444
bdavis@capital-ip.com

DAVIS & ASSOCIATES
P.O. Box 1093
Dripping Springs, Texas 78620
512-858-9910 (Telephone)
512-858-2357 (Fax)

(2) **Appellee**
Wells Fargo Bank, N.A.
(Defendant in the underlying action)

*Represented by:*
B. David Foster
Bar No. 24031555
dfoster@lockelord.com
Susan A. Kidwell
Bar No. 24032626
skidwell@lockelord.com

LOCKE LORD, LLP
600 Congress Ave. Suite 2200
Austin, Texas 78701
512-305-4700 (Telephone)
512-305-4800 (Fax)

(3) **Appellee**
Brice, Vander Linden, P.C.,
n/k/a Buckley Madole, P.C.
(Defendant in the underlying action)

*Represented by:*
Sammy Hooda
Bar No. 24064032
sammy.hooda@buckleymadole.com
Luke Madole
Bar No. 12801800
luke.madole@buckleymadole.com;

BUCKLEY MADOLE, P.C.
14841 Dallas Parkway, Suite 425
Dallas, Texas 75254
972-643-6600 (Telephone)
972-643-6699 (Fax)

## Index of Authorities

**Cases**

*Butler v. Lilly,* 533 S.W.2d 130, 131-34 (Tex. Civ. App.—Houston [1st Dist.] 1976, writ dism'd)................................................................................................12

*Campbell v. Mortgage Electronic Registration Systems, Inc., et al.,* 2012 WL 1839357 (Tex. App.—Austin 2012)....................................................................13

*Dolcefino v. Randolph,* 195 S.W.3d 906, 917 (Tex. App.—Houston [14th Dist.] 2000, pet. denied)..............................................................................................11

*Helena Chem. Co. v. Wilkins,* 47 S.W3d 48, 493 (Tex. 2001) ...............................17

*Iqbal v. Bank of America, N.A., et al.,* 559 Fed. Appx. 363 (5th Cir. 2014) ...........13

*Kiggundu v. Mortg. Elec. Registration Sys., Inc.,* 2011 WL 2606359, at *7 (S.D. Tex. June 30, 2011)..................................................................................................16

*Kruegel v. Murphy,* 126 S.W. 343 (Tex. Civ. App.—Dallas 1910, writ ref'd).......12

*Marsh v. JPMorgan Chase Bank, N.A.,* 888 F. Supp. 2d 805, 812-14 (W.D. Tex. 2012) .......................................................................................................................15

*Martin v. Trevino,* 578 S.W.2d 763, 771 (Tex. Civ. App.—Corpus Christi 1978, writ ref'd n.r.e.).......................................................................................................12

*Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548 (Tex. 1985) .........................10

*Purported Lien or Claim Against Bond v. Barrett Daffin Frappier Turner & Engel, LLP,* No. G-12-188, 2013 WL 1619691, at *11 (S.D. Tex. Mar. 22, 2013)........18

*Randall's Food Mkts., Inc. v. Johnson,* 891 S.W.2d 640, 644 (Tex. 1995) ............10

*Rojas v. Wells Fargo Bank, N.A., et al.,* 2014 WL 2547770 (5th Cir. June 6, 2014) ................................................................................................................................13

*Taco Bell Corp. v. Cracken,* 939 F.Supp. 528, 532 (N.D. Tex. 1996) ....................12

**Statutes**

TEX. CIV. PRAC. & REM. CODE § 12.002....................................................................19

TEX. CIV. PRAC. & REM. CODE § 12.002(a) ..............................................................17

**Rules**

TEX. R. CIV. P. 166a(c)..............................................................................................11

TEX. R. CIV. P. 166a(i) .............................................................................................11

TEX. R. CIV. P. 736.1(d).............................................................................................17

**Constitutional Provisions**

Tex. Const. Art. XVI § 50(r)..................................................................................18

**Legislative History**

House Comm. On Criminal Jurisprudence, Bill Analysis, Tex. H.B. 1185, 75th
    Leg., R.S. (1997).......................................................................................18
Senate Jurisprudence Committee, Bill Analysis, Tex. H.B. 1185, 75th Leg., R.S.
    (1997)........................................................................................................18

## Statement of the Case

Brice, Vander Linden & Wernick, P.C., n/k/a Buckley Madole, P.C. ("Brice"), is a law firm hired to assist banks with the foreclosure process. In this case, Brice was retained by Wells Fargo Bank, N.A. ("Wells Fargo") to assist in the foreclosure of 6315 Farmdale Lane, Austin, Texas 78749 ("Property"). Appellant, Janos Farkas' ("Farkas") had failed pay his residential mortgage as contractually agreed. In discharging its duties as Wells Fargo's attorney, Brice sent Farkas notices advising of the default on his residential mortgage and, ultimately, Brice filed an expedited foreclosure proceeding under Rule 736 of the Texas Rules of Civil Procedure on behalf of Wells Fargo.

The trial court rightly granted Brice's traditional and no-evidence motion for summary judgment and rightly denied Farkas' partial motion for summary judgment. Below, Farkas failed to raise a genuine issue of material fact or present more than a scintilla of evidence in support of his claims against Brice. Furthermore, Brice asserted the affirmative defense of attorney immunity. Texas law is clear – attorneys are immune from claims like those asserted by Farkas, and must remain immune in the interest of orderly administration of the civil justice system. Thus, Brice now submits its Appellee's Brief in support of trials court's judgment granting its motion for summary judgment against all of Farkas' claims.

## Statement Regarding Oral Argument

Appellee, Brice, Vander Linden & Wernick, P.C., n/k/a Buckley Madole, P.C., does not request oral argument in this matter.

## Issues Presented for Review

1.   Whether trial court erred in denying Frakas' partial motion for summary judgment, and in granting Brice's traditional and no-evidence motion for summary judgment on Farkas' claims for violations of the Texas Debt Collection Act, Texas Finance Code and Chapter 12 of the Civil Practice and Remedies Code.

## Statement of Facts

On January 11, 2007, Farkas executed a Wells Fargo Home Equity Account Agreement and Disclosure Statement ("Account Agreement") and a Texas Deed of Trust (the "Deed of Trust") securing a home equity line of credit of $103,441.00. [CR 47-61, 70-83] The Account Agreement and Deed of Trust will collectively be referred to as the "Loan."

Farkas subsequently defaulted on the Loan in September 2010, and Brice, acting as foreclosure counsel on behalf of Wells Fargo sent a Notice of Default and Intention to Accelerate to Farkas on April 21, 2011. [87-88] Farkas failed to cure the default, and Brice then sent Farkas a notice on June 23, 2011 that the debt was being accelerated. [CR 90-91] On September 15, 2011, Brice sent Farkas notice of its application for an order allowing foreclosure. [CR 92-149] The Rule 736 proceeding filed regarding the Property was subsequently abated and dismissed by operation of law when Farkas filed an independent lawsuit on December 5, 2011, which is the subject of this appeal. Tex. R. Civ. P. 736.11(c).

Farkas does not dispute that he is in default. Instead, Farkas challenges Wells Fargo's ability to foreclose and alleges Brice violated the Texas Debt Collection Act ("TDCA"), Texas Finance Code ("TFC") § 382.001 et seq., and Chapter 12 of the Civil Practice and Remedies Code ("CPRC"). [CR 9-12] The trial court did not err because Brice was entitled to summary judgment on all of Farkas' claims.

**Summary of the Argument**

The trial court did not err in granting Brice's motion for summary judgment while denying Farkas' motion for partial summary judgment. In its motion for traditional and no-evidence summary judgment Brice successfully disproved an element of Farkas' causes of action and/or specifically (and successfully) challenged the evidentiary support for an element of Farkas' claims. The summary judgment evidence conclusively established Brice's affirmative defense of attorney immunity on all of Farkas' claims demonstrating that all actions taken by Brice were during the course of its representation of Wells Fargo and solely in its capacity as legal counsel for Wells Fargo in furtherance of protecting Wells Fargo's interest in the Property at issue herein.

**Argument and Authorities**

Fakas' brief as to Appellee Brice, focuses on Brice's inability to assert attorney immunity as an affirmative defense against the claims alleged by Farkas. Thus, Brice's brief is limited in response to it being entitled to the affirmative defense of attorney immunity on all of Farkas' claims.

**I.     Standards of Review**

**A.     Traditional Motion for Summary Judgment**

A party who moves for traditional summary judgment must establish that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548 (Tex. 1985). If the movant seeks summary judgment on a claim for which movant does not bear the burden of proof, the movant may meet its burden by either conclusively negating at least one essential element of the respondent's claim or by pleading and conclusively establishing each element of an affirmative defense to the claim. *Randall's Food Mkts., Inc. v. Johnson,* 891 S.W.2d 640, 644 (Tex. 1995).

**B.     No-Evidence Motion for Summary Judgment**

A party may move for summary judgment "on the ground that there is no evidence of one or more essential elements of a claim or defense on which the adverse party would have the burden of proof at trial." TEX. R. CIV. P. 166a(i). A no-

evidence motion for summary judgment must specifically state the elements for which there is no evidence. *Id.* "The court must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact." *Id.* Any such evidence must be competent. *Dolcefino v. Randolph,* 195 S.W.3d 906, 917 (Tex. App.—Houston [14th Dist.] 2000, pet. denied).

**II.    The trial court did not err in granting Brice's traditional and no-evidence motion for summary judgment on Farkas' claims for violations of the Texas Debt Collection Act, Texas Finance Code and Chapter 12 of the Civil Practice and Remedies Code.**

Farkas' asserted claims against Brice for violations of the Texas Debt Collection Act ("TDCA"), Texas Finance Code ("TFC") § 382.001 et seq., and Chapter 12 of the Civil Practice and Remedies Code ("CPRC"), relying entirely on one or more of the following allegations: 1) various notices incorrectly name Wells Fargo Home Equity as either current mortgagee or mortgage servicer and there is no evidence in the property records of a transfer from Wells Fargo Bank, N.A. to Wells Fargo Home Equity; 2) the notice of default and acceleration reference the wrong loan number and therefore are ineffective; 3) various notices improperly refer to a potential non-judicial foreclosure of Farkas' home equity loan; and 4) various notices misstate the amount of the debt. [CR 4-12]

**A. Brice is entitled to the affirmative defense of attorney immunity as to Farkas' TDCA and TFC claims.**

In general, attorneys are immune from suits by their client's adversaries for conduct undertaken in their capacity as attorneys. *See, e.g., Butler v. Lilly,* 533 S.W.2d 130, 131-34 (Tex. Civ. App.—Houston [1st Dist.] 1976, writ dism'd) (an attorney enjoys "qualified immunity," with respect to non-clients, for action taken in connection with representing a client in adversarial circumstances). Based on overriding public policy, Texas courts have consistently held that an opposing party "does not have a right of recover, under any cause of action, against another attorney arising from his discharge of his duties in representing a party." *See Taco Bell Corp. v. Cracken,* 939 F.Supp. 528, 532 (N.D. Tex. 1996). Attorneys have an absolute right to "practice their profession, to advise their clients and interpose any defense or supposed defense, without making themselves liable for damages." *See Kruegel v. Murphy,* 126 S.W. 343 (Tex. Civ. App.—Dallas 1910, writ ref'd). The courts have also held that attorney immunity applies whether the attorney is providing his serves within the context of litigation, or simply in a business transaction; the immunity extends to non-litigation conduct as well as litigation conduct. *See Martin v. Trevino,* 578 S.W.2d 763, 771 (Tex. Civ. App.—Corpus Christi 1978, writ ref'd n.r.e.). Texas law is clear – attorneys are immune from claims like Plaintiff's and must remain immune in the interest of orderly administration of the civil justice system.

Farkas argument that Brice is not entitled to attorney immunity is premised on the fact that Brice is not an "attorney-at-law" and no attorney has been named as a defendant. Farkas further claims that qualified immunity is only applicable for attorneys in litigation, and the Brice's conduct complained of relates to actions outside of litigation. However, Texas law holds opposite of both of these theories and as such these theories fail as a matter of law. There are three leading cases on point that have developed the attorney immunity defense in the foreclosure context. *See Rojas v. Wells Fargo Bank, N.A., et al.,* 2014 WL 2547770 (5th Cir. June 6, 2014); *Iqbal v. Bank of America, N.A., et al.,* 559 Fed. Appx. 363 (5th Cir. 2014); *Campbell v. Mortgage Electronic Registration Systems, Inc., et al.,* 2012 WL 1839357 (Tex. App.—Austin 2012).

All three of these cases arose from foreclosure proceedings being pursued by banks against homeowners that were in default under the terms of their mortgages. The banks retained legal counsel to assist them in pursuing their rights to foreclose and within that process a lawsuit was filed naming numerous parties, including the attorneys and/or the law firms representing the banks. In all three cases the courts reached the conclusion that the attorneys and law firms representing the banks during the foreclosure process were protected by attorney immunity from the plaintiffs' claims. *See Iqbal,* 559 Fed. Appx. at 365 ("they [plaintiffs] contend their claims against BDFTE [law firm] were viable because BDFTE [law firm] did not qualify

for attorney immunity. We disagree. BDFTE [law firm] was retained to assist in the foreclosure, and the action complained of by the Iqbals [plaintiffs] are within the scope of their [law firm] representation. The Iqbals [plaintiffs] argue that attorney immunity applies only in the ligiation context, but that stance is not in line with Texas law"); *Rojas,* 2014 WL 2547770 at *2 ("attorneys are generally immune from suits brought under Texas law against them by their adversaries if the action arises out of the duties involved in representing a client. We have previously held that BDFTE [law firm] has immunity for its acts as foreclosure counsel")

Similarly, Brice is entitled to attorney immunity against all of the claims asserted by Farkas, because all conduct complained of was performed by Brice during the course of their representation of Wells Fargo and solely in its capacity as legal counsel for Wells Fargo in furtherance of protecting Wells Fargo's interest in the Property at issue. *Iqbal,* 559 Fed. Appx. at 365 (5th Cir. 2014) (citing, *Campbell,* No. 03-11-00429-CV, 2012 WL 1839357, at *5-6 (Tex. App.—Austin, May 18, 2012) (affirming dismissal on grounds of attorney immunity in wrongful foreclosure case against attorneys retained by Wells Fargo to assist in foreclosure)). Brice was retained by Wells Fargo to assist in the foreclosure of the Property. The only communication Brice had with Farkas was in its capacity as "legal counsel for Wells Fargo in an adverse relationship with Plaintiff." [CR 352-353] The actions Farkas complains of herein were within the scope of Brice's representation of Wells Fargo

in the foreclosure proceeding against the Property. Therefore, under Texas law Brice is immune from suits brought against it by its clients' adversaries (i.e., Farkas) if the action arises out of the duties involved in representing a client. *Rojas,* 571 Fed. Appx. at 278 (5th Cir. 2014) ("We have previously held that BDFTE [a law firm defendant] has immunity for its acts as foreclosure counsel"). Thus, Farkas' claims against Brice for violations of the TDCA and TFC § 382.001 et seq., fail as a matter of law.

**B.    Farkas' CPRC Chapter 12 violation claims fail as a matter of law.**

Frakas' claims that the notices and correspondences sent by Brice on behalf of Wells Fargo violates CPRC Chapter 12 also fails as a matter of law because the notices and correspondence: 1) do not create a lien or claim against real property; and 2) were never recorded. [CR 10-12]

First, section 12.002 of the Texas Civil Practice and Remedies Code only applies to documents which create a fraudulent lien or claim, not to documents pertaining to when, where, how, or by whom a valid lien may be enforced. *See Marsh v. JPMorgan Chase Bank, N.A.,* 888 F. Supp. 2d 805, 812-14 (W.D. Tex. 2012). Under Chapter 12, a person "may not make, present, or use a document" with knowledge that it is a "fraudulent lien or claim against real or personal property or [against] an interest in real or personal property," and with intent that it "be given

the same legal effect as . . . a valid lien or claim." TEX. CIV. PRAC. & REM. CODE § 12.002(a). A necessary element of Farkas' section 12.002 claim, therefore, is that the document alleged to be fraudulent is (or purports to be) a "lien or claim."

Though, Farkas' brief does not expressly state the actions taken by Brice in violation of CPRC 12, Farkas does insinuate (and has argued in the summary judgment evidence included in the record) that Brice's filing of the Rule 736 application seeking an order to allow foreclosure violated CPRC 12. Brice, on behalf of Wells Fargo, sent Plaintiff notices and correspondence related to the default on the Loan. Thereafter, Brice, on behalf of Wells Fargo, filed a Rule 736 application and included the statutory notices that were sent to the Farkas as required by the rules. *See* TEX. R. CIV. P. 736.1(d). Thus, the notices and correspondence sent herein are, at best, documents relating to the enforcement of a valid lien and do not themselves create a lien or claim against real property. *See Kiggundu v. Mortg. Elec. Registration Sys., Inc.,* 2011 WL 2606359, at *7 (S.D. Tex. June 30, 2011) (documents used to foreclose on real property are not actionable under section 12.002 if the underlying note and deed of trust are valid).

Farkas would have this Court believe that filing a proceeding required under the Texas Constitution and provided for by the Texas Rules of Civil Procedure is a violation of CPRC 12. If this is the rule then every Rule 736 application that is filed can be abated by filing an independent lawsuit alleging CPRC 12 violations. Surely,

this was not the intent of the Texas Legislator and the Texas Supreme Court, and surely that is not the plain meaning of CPRC 12. Under Texas rules of statutory construction, the Court "must construe statutes as written and, if possible, ascertain legislative intent from the statute's language. *Helena Chem. Co. v. Wilkins,* 47 S.W3d 48, 493 (Tex. 2001).

The legislative history provides that the purpose of this section was to "create a private cause of action against a person who files fraudulent judgment liens or fraudulent documents purporting to *create* a lien or claim against real or personal property in favor of a person aggrieved by the filing." House Comm. On Criminal Jurisprudence, Bill Analysis, Tex. H.B. 1185, 75th Leg., R.S. (1997) (emphasis added); *see also* Senate Jurisprudence Committee, Bill Analysis, Tex. H.B. 1185, 75th Leg., R.S. (1997).

The filing of the Rule 736 application is contrary to the plain meaning and the legislative intent of CPRC 12. The Rule 736 application is filed pursuant to the rules promulgated by the Texas Supreme Court, which power is derived from the Texas Constitution. *See* Tex. Const. Art. XVI § 50(r). Its purpose is to enforce, not create, the lien. It is unimaginable that the Texas Legislators and the Texas Supreme Court were oblivious to the fact that creating Rule 736 will allow every application to be in violation of CPRC 12. The 736 application filed herein was filed to obtain a court order required to proceed with a non-judicial foreclosure sale against Plaintiff's real

property. *See Marsh,* 888 F.Supp.2d at 813 (W.D. Tex. 2012) ("the Court concludes in order to state a fraudulent lien claim under Section 12.002, a party must allege the challenged instrument purported to create a lien or claim against property"). Thus, it is absurd to purpose that by following the rules, Brice subjected itself to liability for violation of CPRC 12.

Lastly, Farkas' fraudulent lien claim fails because Brice did not file nor record either of the documents at issue; rather, they were simply mailed to Farkas. [CR 4-8, 10-12] This is fatal to a section 12.002 claim because Chapter 12 (which governs "Liability Related to a Fraudulent Court Record or a Fraudulent Lien or Claim Filed Against Real or Personal Property") only applies to documents that are filed or recorded in the public property records. *See generally* TEX. CIV. PRAC. & REM. CODE § 12.002; *see also Purported Lien or Claim Against Bond v. Barrett Daffin Frappier Turner & Engel, LLP,* No. G-12-188, 2013 WL 1619691, at *11 (S.D. Tex. Mar. 22, 2013) ("Section 12.002 prohibits a person from *filing* fraudulent documents under certain circumstances. . . .") (emphasis added).

## Conclusion and Prayer

As shown above the trial court did not err in granting Brice's traditional and no-evidence motion for summary judgment. Farkas has not shown that he has evidence to support all of the elements on any of his cause of action, Farkas did not

produce summary judgment evidence that raised a genuine issue of material fact, and Brice is entitled to the affirmative defense of attorney immunity as a matter of law on all of Farkas' claims.

Appellee, Brice, Vander Linden & Wernick, P.C., n/k/a Buckley Madole, P.C., prays that this Honorable Court affirm the judgment of the trial trail court rendered in its favor on all of Farkas' claims, that all costs of the appeal be taxed against Farkas, and for such other relief, general and special, legal and equitable, to which it may be justly entitled.

Respectfully submitted,

/s/ Sammy Hooda
**Sammy Hooda SBN: 24064032**
**Luke Madole SBN: 12801800**

**Buckley Madole, P.C.**
**14841 Dallas Parkway, Suite 425**
**Dallas, Texas 752542**
**Telephone: (972) 643-6600**
**Facsimile:  (972) 643-6699**
**Email:sammy.hooda@buckleymadole.com**

**Attorney for Appellee**
**Brice, Vander Linden & Wernick, P.C., f/k/a**
**Buckley Madole, P.C.**

## Certificate of Compliance

I certify that the foregoing Brief of Appellee Brice, Vander Linden & Wernick, P.C. n/k/a Buckley Madole, P.C. contains 2,682 words (excluding the sections expected under Texas Rule of Appellate Procedure 9.4(i)(1)).

## Certificate of Service

I certify that a true and correct copy of the foregoing has been served on the following counsel of record, in accordance with Texas Rule of Appellate Procedure 9.5, on this 17th day of April, 2015.

VIA Electronic Service
Bill Davis
Davis & Associates
P.O. Box 1093
Dripping Springs, Texas 78620
bdavis@capital-ip.com
**ATTORNEY FOR APPELLANT**
**JANOS FARKAS**

VIA Electronic Service
Dave Foster
Locke Lord, LLP
600 Congress Avenue, Suite 2200
Austin, Texas 78701
dfoster@lockelord.com
**ATTORNEY FOR APPELLEE**
**WELLS FARGO BANK, N.A.**

/s/ Sammy Hooda
Sammy Hooda