# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40196

United States Court of Appeals
Fifth Circuit

**FILED**
August 23, 2016

Lyle W. Cayce
Clerk

LESLIE C. LASSBERG, also known as Clare Lassberg,

Plaintiff–Appellant,

v.

BANK OF AMERICA, N.A., as Successor by Merger to BAC Home Loans Servicing, L.P.; WELLS FARGO BANK, N.A., as Trustee for the Certificate Holders of Morgan Stanley ABS Capital I Inc. Trust 2005-WMC3, Mortgage Pass-Through Certificates, Series 2005-WMC3; MERSCORP HOLDINGS, INCORPORATED, formerly known as Merscorp, Incorporated; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INCORPORATED, as Nominee for WMC Mortgage Corporation and its Successors and Assigns; and the Successors and Assigns of MERS; JPMORGAN CHASE BANK, N.A., as Trustee on behalf of the Holders of the Truman Capital Mortgage Loan Trust 2004-2, formerly known as Chase Manhattan Bank, as Trustee of IMC Home Equity Loan Trust 1997-6 Under The Pooling and Servicing Agreement Dated as of October 1, 1997; JOHN ; JANE DOES 1-50, as unknown Claimants of 7113 Stoneridge Drive, Frisco, Texas 75034; TRUSTS 1-50, as unknown Claimants of 7113 Stoneridge Drive, Frisco, Texas 75034; CORPORATIONS 1-50, as unknown Claimants of 7113 Stoneridge Drive, Frisco, Texas 75034; BARRETT DAFFIN FRAPPIER TURNER ; ENGEL, L.L.P., in its Capacity as an Agent and Alleged Substitute Trustee for Bank of America, N.A., as Successor by Merger to BAC Home Loans Servicing, L.P., in its Capacity as Agent and Servicer for Wells Fargo Bank, N.A.; STONEBROOK ESTATES HOMEOWNERS ASSOCIATION, INCORPORATED; CHARLES A. WARD; 7113 STONERIDGE DRIVE FRISCO TEXAS 75034,

Defendants–Appellees.

No. 15-40196

_____

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 4:13-CV-577

_____

Before STEWART, Chief Judge, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Leslie Lassberg obtained a mortgage from WMC Mortgage Corporation to purchase a property. The mortgage was subsequently assigned to Wells Fargo, and Lassberg now asserts a variety of claims seeking to prevent Wells Fargo's servicer from foreclosing on the property. The district court granted summary judgment to Defendants on all claims. We affirm.

**I.**

In December 2004, Leslie Lassberg obtained a loan of $137,600 from WMC Mortgage Corporation ("WMC"), which she used to purchase a property located in Frisco, Texas (the "Property"). Lassberg executed a promissory note (the "Note") payable to WMC and executed a security instrument (the "Deed of Trust") pledging the Property as collateral and providing a right for WMC to foreclose on the Property. The Deed of Trust named Mortgage Electronic Registration Systems, Inc. ("MERS") as "nominee" for WMC and WMC's successors and assigns, and it named MERS "the beneficiary" under the Deed of Trust. In December 2012, MERS assigned (the "Assignment") the Deed of Trust to Wells Fargo Bank, N.A. as trustee for the MSAC 2005-WMC3 Trust (the "WMC3 Trust"). On August 9, 2013, Wells Fargo executed an Appointment of Substitute Trustee (the "Appointment"), appointing seventeen individuals

_____

* Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

No. 15-40196

in its place as substitute trustees. Bank of America, N.A. services the mortgage for Wells Fargo.

Lassberg first defaulted on the Note in 2007 and has not made a payment since April 2011. In June 2007, Lassberg sought bankruptcy protection under Chapter 13 of the U.S. Bankruptcy Code in the U.S. Bankruptcy Court for the Eastern District of Texas. The bankruptcy case was closed in March 2013. In September 2013, Lassberg filed this lawsuit in Texas state court, seeking an injunction prohibiting Defendants from foreclosing upon the Property. Defendants removed the case to federal court based on diversity jurisdiction, arguing that although Defendants Barrett Daffin Frappier Turner & Engel, L.L.P. ("Barrett Daffin"), Stonebrook Estates Homeowners Association, Inc. ("Stonebrook"), and Charles Ward are citizens of Texas, they do not destroy complete diversity, even though Lassberg is also a citizen of Texas, because Lassberg could assert no cause of action against Barrett Daffin and Stonebrook and Ward are "mere nominal defendants."

Lassberg contested removal by filing a motion to remand and also filed a First Amended Complaint in federal court, asserting claims against various Defendants (1) for violations of Chapter 12 of the Texas Civil Practice and Remedies Code (the "False Lien Statute"); (2) for violations of Chapter 192 of the Texas Local Government Code; (3) to quiet title; and (4) for invasion of privacy. Each claim was based on Lassberg's contentions that Wells Fargo and Bank of America lacked authority to foreclose on the Property because MERS had no authority to assign any interest to Wells Fargo and that the putative assignment by MERS was untimely under the pooling and services agreement ("PSA") that governs the WMC3 Trust. The district court denied the motion to remand and ultimately granted Defendants' motion for summary judgment with respect to all of Lassberg's claims.

3

No. 15-40196

## II.

We review de novo a district court's denial of a motion to remand and its decision on improper joinder.[1] We also review de novo an order granting summary judgment.[2] Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[3] In determining whether a genuine dispute of material fact exists, we "must view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party."[4]

## III.

Lassberg contends that there is no complete diversity in this case because Barrett Daffin, Stonebrook, and Ward are all citizens of Texas who were properly joined. The district court disagreed, holding that Barrett Daffin was the legal representative or agent of Bank of America and accordingly is protected by qualified immunity and that Stonebrook and Ward were only nominal parties against whom no claims have been asserted.

Under the improper joinder doctrine, "the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity."[5] A defendant is improperly joined when "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against [that] defendant."[6] In making this determination, "the court may 'pierce the pleadings' and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for the claim."[7] Whether

---

[1] *Kling Realty Co., Inc. v. Chevron USA, Inc.*, 575 F.3d 510, 513 (5th Cir. 2009).

[2] *Hodges v. Delta Airlines, Inc.*, 44 F.3d 334, 335 (5th Cir. 1995) (en banc).

[3] Fed. R. Civ. P. 56(a).

[4] *Daniels v. City of Arlington,* 246 F.3d 500, 502 (5th Cir. 2001).

[5] *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009).

[6] *Kling Realty Co.*, 575 F.3d at 513 (quoting *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc)).

[7] *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007).

removal was proper is determined based on the claims in the state court complaint.[8] A party to a complaint is "nominal" and thus disregarded for diversity purposes if "in the absence of [that party], the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to the plaintiff."[9]

In regard to Defendants Ward and Stonebrook, Lassberg's complaint did not assert any claims against these parties. We therefore agree with the district court that Ward and Stonebrook are nominal parties and were improperly joined.

In regard to Barrett Daffin, the district court found that Lassberg failed to bring a viable claim against Barrett Daffin because it was protected by qualified immunity. Under Texas law, the doctrine of qualified immunity has "long authorized attorneys to 'practice their profession, to advise their clients and interpose any defense or supposed defense, without making themselves liable for damages.'"[10] This doctrine protects attorney actions conducted as "part of discharging his [or her] duties in representing his [or her] client" but not against actions performed outside the attorney's scope of representation.[11]

Lassberg argues Barrett Daffin is not protected by qualified immunity because it sent the notice of foreclosure in its capacity as substitute trustee under the Deed of Trust and not merely in its capacity as attorney for Bank of America. Lassberg, however, has not pointed to any evidence suggesting that

---

[8] *Cavallini v. State Farm Mut. Auto. Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995); *see also McDonal v. Abbott Labs.*, 408 F.3d 177, 183 n.6 (5th Cir. 2005) ("A district court should ordinarily resolve [claims of] improper joinder by conducting a Rule 12(b)(6)-type analysis.").

[9] *Acosta v. Master Maint. & Constr. Inc.*, 452 F.3d 373, 379 (5th Cir. 2006) (quoting *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen & Assistants' Local 349*, 427 F.2d 325, 327 (5th Cir. 1970)).

[10] *Renfroe v. Jones & Assocs.*, 947 S.W.2d 285, 287 (Tex. App.—Fort Worth 1997, writ denied) (quoting *Kruegel v. Murphy*, 126 S.W. 343, 345 (Tex. Civ. App.—Dallas 1910, writ ref'd)).

[11] *Id.* at 288.

No. 15-40196

Barrett Daffin was ever appointed as substitute trustee by Bank of America. In addition, the foreclosure notice does not provide any evidence that Barrett Daffin was acting as a substitute trustee. Instead, it clearly states: "This law firm [Barrett Daffin] represents BANK OF AMERICA, N.A. . . . We have been authorized by the Mortgage Servicer to initiate legal proceedings in connection with the foreclosure of a Deed of Trust associated with your real estate loan." As Barrett Daffin was acting in a representational capacity, we find it is protected by qualified immunity and was therefore improperly joined.[12]

## IV.

The district court concluded that Lassberg did not have standing to challenge the Assignment for having been executed after the closing date specified in the PSA. It based this conclusion on the rule established in *Reinagel v. Deutsche Bank National Trust Co.*[13] that non-parties to a pooling and services agreement have "no right to enforce its terms unless they are its intended third-party beneficiaries."[14] Moreover, even if a non-party is an intended third-party beneficiary, a violation of the PSA only renders an assignment voidable, not void.[15] And "the law is settled in Texas that an obligor cannot defend against an assignee's efforts to enforce the obligation on a

---

[12] Our conclusion is further supported by two unpublished decisions in which we held that Barrett Daffin was protected by qualified immunity for actions taken in connection with foreclosure proceedings. *See Rojas v. Wells Fargo Bank, N.A.*, 571 F. App'x 274, 278 (5th Cir. 2014); *Iqbal v. Bank of Am., N.A.*, 559 F. App'x 363, 365–66 (5th Cir. 2014) ("[Barrett Daffin] was retained to assist in the foreclosure, and the actions complained of by the [plaintiffs] are within the scope of their representation. The [plaintiffs] argue that attorney immunity applies only in the litigation context, but that stance is not in line with Texas law.").

[13] 735 F.3d 220 (5th Cir. 2013).

[14] *Id.* at 228.

[15] *Id.*; *see also Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 342 (5th Cir. 2013).

ground that merely renders the assignment voidable at the election of the assignor."[16]

Lassberg argues *Reinagel* does not apply here because she is not asserting a claim for breach of the PSA but rather is pointing to a breach of the PSA "as evidence that the loan was not transferred to the securitization trust." Failure to adhere to the PSA, she contends, would render the putative transfer void under New York trust law, which governs the PSA. New York Estate Powers and Trusts Law Section 7-2.4 states that "[e]very. . . act of the trustee in contravention of the trust . . . is void."

Lassberg's appeal to New York trust law is misplaced. Our Court addressed a similar argument in *Ferguson v. Bank of New York Mellon Corp.*[17] where we rejected the plaintiffs' challenge to the validity of a mortgage assignment based on New York trust law.[18] We observed that "New York courts have not applied Section 7-2.4 in the manner the [plaintiffs] would hope but instead have treated a trustee's act in violation of the trust as voidable but not void."[19] The Second Circuit has also explained that the weight of authority in New York indicates that acts by a trustee in contravention of the terms of a trust are generally "not void but merely voidable by the beneficiary."[20]

Lassberg's appeal to New York law therefore does not change the applicability of *Reinagel* to this case. Even assuming the Assignment is invalid under the PSA, as Lassberg alleges, this would merely make the Assignment voidable by the assignor MERS and would not give Lassberg standing to challenge the validity of the foreclosure initiated by the assignee Wells Fargo.

---

[16] *Reinagel*, 735 F.3d at 225 (quoting *Tri-Cities Const., Inc. v. Am. Nat'l Ins. Co.*, 523 S.W.2d 426, 430 (Tex. Civ. App. 1975)).

[17] 802 F.3d 777 (5th Cir. 2015).

[18] *Id.* at 782.

[19] *Id.*

[20] *Rajamin v. Deutsche Bank Nat'l Tr. Co.*, 757 F.3d 79, 88–90 (2d Cir. 2014).

No. 15-40196

We conclude therefore that Lassberg lacks standing to challenge the Assignment.

## V.

The district court rejected Lassberg's claim that Bank of America and Wells Fargo violated Section 12.002 of the Texas Civil Practice and Remedies Code because the documents that Lassberg argues were fraudulent or defective—the Assignment and the Appointment—are not "liens" as defined in the statute. Section 12.002(a) provides that "[a] person may not make, present, or use a document or other record with . . . knowledge that the document or other record is a fraudulent court record or a fraudulent lien or claim against real or personal property or an interest in real or personal property."[21] Section 12.001(3) defines a "lien" as "a claim in property for the payment of a debt and includes a security interest."[22] To prevail under this statute, a plaintiff must demonstrate the fraudulent action was conducted with "intent to cause another person to suffer" "physical injury," "financial injury," or "mental anguish or emotional distress."[23]

Lassberg argues that some courts have held that a document may violate Section 12.002 even if it is not a "lien," so long as the document "create[s] a fraudulent claim against real or personal property or an interest in real or personal property."[24] One recent district court case noted that an assignment of a deed of trust could fall within this definition,[25] and a Texas appellate court held that a document substituting a trustee could do so.[26] Lassberg thus

---

[21] Tex. Civ. Prac. & Rem. Code § 12.002(a).

[22] Tex. Civ. Prac. & Rem. Code § 12.001(3).

[23] Tex. Civ. Prac. & Rem. Code § 12.002(a)(3)(A)–(C).

[24] *See Martinez v. Wells Fargo Bank, N.A.*, No. SA-12-CV-789-XR, 2013 WL 1562759, at *7 (W.D. Tex. Apr. 12, 2013).

[25] *Id.* at *7.

[26] *Bernard v. Bank of Am., N.A.*, No. 04-12-00088-CV, 2013 WL 441749 (Tex. App.—San Antonio Feb. 6, 2013, no pet.).

contends that the Assignment was prepared after the closing date specified in the PSA in order to fraudulently establish a claim against the Property and that the Appointment was prepared for the same purpose even though Wells Fargo did not own the Deed of Trust when the Appointment was executed.

Even if Lassberg is correct, however, that the Assignment and the Appointment qualify as "liens" under the False Lien Statute, Lassberg fails to provide any evidence or explanation for how either document was executed with the intent to cause Lassberg to suffer physical injury, financial injury, or mental anguish. In the district court case that Lassberg cites for the proposition that an assignment of a deed of trust may constitute a "lien," a disputed assignment was not even enough to state a claim upon which relief could be granted in the absence of some evidence indicating that the assignment was executed with an intent to cause harm.[27] Here, Lassberg's loan was long delinquent, and there is no evidence that the foreclosure was intended to cause injury. Lassberg's claim under Section 12.002 thus fails and summary judgment was properly granted to Defendants.

## VI.

Lassberg's complaint asserted that MERS violated her common law right to privacy by using her "personal identifying information" without her permission, allegedly by allowing users of MERS's website to locate the names of investors in her mortgage using her name and social security number. The district court rejected this claim, holding that Lassberg had failed to show that MERS had unlawfully misappropriated Lassberg's name or likeness, which would require "excessive exploitation" of the value associated with her name or likeness. Lassberg now argues that although she provided her social security

---

[27] *Martinez*, 2013 WL 1562759, at *8.

number to her lender, she did not agree for the information to be used by MERS for its own financial gain.

A misappropriation claim under Texas law requires "[1] that the defendant appropriated the plaintiff's name or likeness for the value associated with it, and not in an incidental manner or for a newsworthy purpose; [2] that the plaintiff can be identified from the publication; and [3] that there was some advantage or benefit to the defendant."[28] Lassberg's allegations against MERS do not amount to the "publication" of her personal information; she does not allege that MERS took advantage of the value associated with her "name or likeness;" and she has submitted no evidence that she could be "identified" by MERS's use of the information. Accordingly, we conclude the district court properly granted summary judgment on this issue.

## VII.

The district court held that Lassberg has no basis for an action based on quiet title because MERS was the beneficiary and nominee on the Deed of Trust and MERS assigned the right to foreclose to Wells Fargo. "[T]he elements of the cause of action to quiet title are that the plaintiff must show (1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable."[29] Lassberg now appears to argue that because the Assignment was invalid under the terms of the PSA, Wells Fargo's purported interest in the Note is invalid and unenforceable. However, as we noted above, absent a challenge to the Assignment by trust beneficiaries, Wells Fargo's interest in

---

[28] *Matthews v. Wozencraft*, 15 F.3d 432, 437 (5th Cir. 1994) (citing J. Hadley Edgar & James B. Sales, Texas Torts and Remedies § 53.06[2]).

[29] *U.S. Nat'l Bank Ass'n v. Johnson,* No. 01-10-00837-CV, 2011 WL 6938507, at *3 (Tex. App.—Houston [1st Dist.] Dec. 30, 2011, no pet.).

No. 15-40196

the Deed of Trust is valid and enforceable against Lassberg, and thus Lassberg's quiet title claim fails.

## VIII.

Lassberg appeals the district court's denial of her claims for declaratory and injunctive relief because she argues the Assignment to Wells Fargo was invalid. As we have already concluded the Assignment was valid, we deny Lassberg's claims for equitable relief.

## IX.

The district court's grant of summary judgment to Defendants is AFFIRMED. Barrett Daffin's motion to dismiss appeal, which argues that Barrett Daffin, Stonebrook, and Ward were untimely added as appellees, is DENIED as moot.