**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-19-00090-CV**
_____

**SUNIVERSE, LLC, Appellant**

**V.**

**UNIVERSAL AMERICAN MORTGAGE COMPANY, LLC, ET AL,
Appellees**

---

**On Appeal from the 410th District Court
Montgomery County, Texas
Trial Cause No. 17-06-08000-CV**

---

**MEMORANDUM OPINION**

Appellant Suniverse, LLC appeals summary judgment granted in favor of Appellees Bank of America, N.A., Mortgage Electronic Registration Systems, Inc., Nationstar Mortgage LLC, and U.S. Bank National Association as Trustee for the CSAB 2006-3 Trust Fund.[1] We affirm.

---

[1] On November 30, 2018, the trial court dismissed for want of prosecution defendant Universal American Mortgage Company, LLC, which was never served. We discuss Universal American herein only as necessary.

1

The Property

This lawsuit concerns real property located at 3 Etude Court, The Woodlands, in Montgomery County ("the Property"). In February 2006, Luis and Laura Nunez ("the Nunezes") obtained a $438,100 purchase money mortgage loan for the Property from Universal American Mortgage Company ("Universal American" or "original lender") and also executed a Deed of Trust in favor of Universal American pledging the Property as security for the loan. The Deed of Trust identified Mortgage Electronic Registration Systems, Inc. ("MERS") as a beneficiary and nominee for the lender Universal American and its successors and assigns.

A notice of foreclosure sale was filed on the Property by a Notice of Substitute Trustee's Sale on October 6, 2009, December 1, 2009, January 5, 2010, October 6, 2015, October 4, 2016, and July 4, 2017. In each of the foregoing notices of sale the notices listed the current mortgagee as U.S. Bank National Association, as Trustee on behalf of the Holders of CSAB 2006-3 Trust Fund. In another notice of sale dated April 3, 2012, the notice listed the current mortgagee as Bank of America N.A., successor by merger to BAC Home Loans Servicing LP, f/k/a Countrywide Home Loans Servicing LP. There is no evidence in the appellate record that a foreclosure sale has ever occurred, nor do any of the parties allege that a foreclosure sale has

2

occurred. The Nunezes transferred the Property to the Nunez Family Trust on June 24, 2017, and Suniverse, LLC ("Suniverse") is the trustee of the Nunez Family Trust.

Suniverse's Petition

In December 2017, Suniverse filed a First Amended Petition[2] against six named defendants (collectively "Defendants" or "Appellees"): (1) Universal American, as the original lender for the Property; (2) U.S. Bank National Association ("US Bank"), as Trustee on behalf of the Holders of CSAB 2006-3 Trust Fund; (3) CSAB Mortgage-Backed Trust 2006-3 ("CSAB Trust"), as "purported mortgagee of Plaintiff's Note and Deed of Trust"; (4) Bank of America, N.A. ("BANA"), successor by merger to BAC Home Loans Servicing LP f/k/a Countrywide Home Loans Servicing LP as "former purported mortgagee and mortgage servicer of Plaintiff's Note and Deed of Trust"; (5) Nationstar Mortgage LLC ("Nationstar") as "former purported mortgagee and mortgage servicer of Plaintiff's Note and Deed of Trust"; and (6) MERS. In the First Amended Petition, Suniverse alleged the following causes of action against the various Defendants:

i. Declaratory Judgment of Lack of Standing to Foreclose against Universal American, the [CSAB] Trust, BANA, Nationstar, and MERS;
ii. Quiet Title against Universal American, the [CSAB] Trust, BANA, Nationstar, and MERS;

---

[2] The appellate record does not include a copy of an original petition. We will refer to the First Amended Petition which appears in our record.

3

iii. Violation of § 12.002 of the Texas Civil Practice and Remedies Code against Universal American, the [CSAB] Trust, BANA, Nationstar, and MERS;

iv. Negligence Per Se against Universal American, the [CSAB] Trust, BANA, Nationstar, and MERS;

v. Gross Negligence against Universal American, the [CSAB] Trust, BANA, Nationstar, and MERS;

vi. Fraud against Universal American, the [CSAB] Trust, BANA, Nationstar, and MERS;

vii. Request for an Accounting against the [CSAB] Trust and Nationstar;

viii. Violation of the Statute of Limitations to Foreclose Against the [CSAB] Trust and Nationstar.

Suniverse alleged that a controversy exists about which Defendant (or its agent) is a valid holder or owner of the underlying Note and who has standing to foreclose. The petition attached copies of three recorded assignments of the loan with markings reflecting that they were recorded in the Montgomery County Property Records: (1) an assignment from MERS to U.S. Bank as Trustee of the CSAB Trust on August 16, 2010 ("2010 Assignment"); (2) an assignment from MERS to BANA on December 1, 2011 ("2011 Assignment"); and (3) an assignment from BANA to Nationstar on February 11, 2014 ("2014 Assignment").

The 2010 Assignment from MERS to US Bank reflects that Tanny Hill signed for MERS. The 2011 Assignment from MERS to BANA reflects that Chester Levings signed for MERS. And the 2014 Assignment from BANA to Nationstar reflects that Susan Lindhorst signed for BANA.

4

The petition alleged that the three recorded assignments are "frauds and forgeries[]" because they were not actually signed by Hill, Levings, and Lindhorst, but by someone else and they were not signed with Hill's, Levings's, and Lindhorst's knowledge and authority. Suniverse also alleged the assignments are void for failure to identify all the real parties in interest to the assignments. Suniverse attached to its petition various documents reflecting "numerous differing notarized signatures" by Hill, Levings, and Lindhorst.

Suniverse also alleged that MERS lacked the authority under its corporate charter to transfer a Deed of Trust or to own or transfer an interest in a securitized mortgage, and that the 2010 and 2011 Assignments were never effective and are "a legal nullity." Suniverse attached to its petition various 2011 and 2013 Consent Orders issued by the Comptroller of the Currency of the United States of America identifying certain deficiencies and unsafe or unsound practices by MERS, US Bank, and BANA. In addition, Suniverse argued that, even if the 2010 Assignment was valid, because there was no assignment of the Deed of Trust back to MERS, MERS could not have assigned the Deed of Trust to BANA in December 2011. According to Suniverse, the Defendants do not have the right to foreclose on the Property because they falsely or fraudulently prepared documents, and Suniverse asked the trial court to declare that the power of sale contained in the Deed of Trust has no

5

force and effect. Suniverse also alleged that any future foreclosure sale notice by the CSAB Trust and Nationstar would be void as time-barred.

Suniverse based its negligence per se and gross negligence claims on alleged violations of the following statutes: (1) section 12.002 of the Civil Practice and Remedies Code, for filing false and deception mortgage assignments; (2) section 192.007 of the Local Government Code, for failing to properly record instruments in the same manner as the original; (3) section 41.008(c)(8) of the Civil Practice and Remedies Code, for injury to Plaintiff's title by forgery under section 32.21 of the Penal Code; and (4) section 41.008(c)(12) of the Civil Practice and Remedies Code, for injury to Plaintiff's title by fraudulent destruction, removal, or concealment of a writing under section 32.47 of the Penal Code. Suniverse's claim for fraud alleged that Defendants intentionally misrepresented to the Plaintiff that they were the holder and owner of the note or a valid beneficiary or assignee of the Deed of Trust and Defendants made such misrepresentations to induce Plaintiff to be a third-party buyer.

Suniverse's petition sought a declaration that:

a. Plaintiff is the prevailing party;
b. The First Deed of Trust is null and void and of no effect;
c. No Defendant has an enforceable lien interest against the Property;
d. No Defendant has an enforceable unsecured interest in the First Note;
e. Determines all adverse claims to the real property in this proceeding;
f. Plaintiff is entitled to the exclusive first-lien position on the Property;

6

g. Defendants, and each of them, and all persons claiming under them, have no estate, right, title, lien, or interest in or to the real property or any part of the Property.

Suniverse also pleaded the discovery rule and that its claims are not subject to limitations because they are "defensive counterclaim[s] to the [CSAB] Trust and Nationstar's illegal attempt at non-judicial foreclosure." Suniverse sought general, punitive, and exemplary damages and attorney's fees.

BANA and MERS's Motions for Summary Judgment

In October 2018, defendants BANA and MERS jointly filed a no-evidence and traditional motion for summary judgment. According to BANA and MERS, MERS was named the beneficiary under the original Deed of Trust, as nominee for the original lender, Universal American. They alleged the Deed of Trust authorized MERS to act as the lender's nominee, and in this capacity, MERS assigned Universal American's interest to the US Bank as Trustee for the CSAB Trust in August 2010. According to BANA and MERS the CSAB Trust was the last entity to which the Loan Agreement was validly assigned, and any other purported assignments regarding the Deed of Trust "are superfluous and of no consequence."

In their motion, BANA and MERS argued they no longer had any interest in the Property. BANA and MERS further argued that Suniverse lacked standing to challenge any assignment of the loan to which it was not a party because under Texas law, a plaintiff who is not a party to an assignment lacks standing to challenge the

7

assignment on grounds that would render the assignment merely voidable (as opposed to void), and a deed procured by fraud is not void but only voidable at the election of the defrauded party. They alleged Suniverse lacked standing to challenge whether the person who executed the assignment on behalf of BANA had authority to do so.

BANA and MERS argued that courts have consistently upheld MERS's authority to enforce or assign interests under deeds of trust that name MERS beneficiary. In addition, BANA and MERS argued that the person who signed the assignment for MERS was an authorized signer, and there is no evidence to support Suniverse's allegation that her signature was forged. In an attached affidavit, Susan Magaddino, an officer of MERS, attested that Tanny Hill was authorized to sign the 2010 Assignment from MERS to US Bank as Trustee of the CSAB Trust in her capacity as Assistant Secretary and Vice President for MERS, as reflected in the Mortgage Electronic Registration Systems, Inc. Certifying Officers List attached as an exhibit to the affidavit.

BANA and MERS also alleged that Suniverse's fraudulent lien claim fails as a matter of law because (1) the claim is barred by the statute of limitations and (2) an alleged improper or fraudulent assignment is not a fraudulent lien under section 12.002 of the Civil Practice and Remedies Code. BANA and MERS argued that the four-year residual limitations period applies to a claim under section 12.002, and a

8

claim relating to the assignment recorded on September 13, 2010 must have been brought by September 13, 2014, and Suniverse's June 2017 petition was untimely. According to BANA and MERS, because the assignment was recorded and a matter of public record, the discovery rule does not toll the statute of limitations.

BANA and MERS argued that Suniverse's tort claims are barred by the economic loss doctrine because Suniverse's alleged injuries stem from the Loan Agreement. They also argued that the two-year statute of limitations for a negligence claim bars Suniverse's tort claims, which arise from the 2010 assignment. BANA and MERS also alleged that Suniverse's gross negligence claim fails as a matter of law because under Texas common law, the relationship between a lender and borrower does not create a duty that would support a negligence claim. BANA and MERS contend that Suniverse has alleged no facts nor has it produced any evidence that BANA or MERS acted with an extreme degree of risk. BANA and MERS further argued that Suniverse's negligence per se claim fails because Suniverse alleged no facts nor presented any evidence to support the alleged statutory violation, Suniverse's fraud claim fails because Suniverse did not allege or prove that it relied on any alleged misrepresentation by BANA or MERS, and the claim for quiet title fails as a matter of law because neither BANA nor MERS asserted any interest in the Property. BANA and MERS argued that Suniverse's request for declaratory relief regarding standing to foreclose should be denied because Suniverse's evidence

9

shows that neither BANA nor MERS was seeking to foreclose and there was no justiciable controversy between Suniverse and BANA or MERS.

Nationstar and US Bank's Motions for Summary Judgment

Nationstar and US Bank as Trustee for the CSAB Trust jointly filed a no-evidence and traditional motion for summary judgment. According to their motion, Luis Nunez filed for bankruptcy in April 2012, and in April 2015, US Bank obtained relief from the automatic stay in the bankruptcy court to proceed with collection on the mortgage and deed of trust. In the motion, Nationstar alleged that after obtaining relief from the automatic stay, Nationstar sent a letter in May 2015 to Nunez demanding payment and stating it would accelerate the loan if payment was not received, and in September 2016, a letter was sent rescinding the acceleration of the note and deed of trust.

Nationstar and US Bank stated in their motion that Suniverse is "at best a third-party to the assignment transaction" in which MERS assigned the Deed of Trust to US Bank and that Suniverse lacked standing to challenge the assignment to US Bank because any alleged "fraudulent assignment would result in merely a voidable, not void assignment." According to the Nationstar motion, Suniverse failed to produce any summary judgment evidence showing that it had any right, title, or ownership in the Property that would be superior to Defendants' claimed mortgage liens represented by the Deed of Trust. And they argued that because

10

Suniverse had not tendered the amount owed on the loan, it could not maintain a quiet title claim. An affidavit of Ryan Cable, a Document Execution Associate for Nationstar, was attached to the motion in which Cable attested that, as of June 15, 2018, the Nunez mortgage loan was "due for the February 1, 2011 payment and all subsequent payments[]" and the amount owed totaled $843,100.75.

Nationstar and US Bank argued that section 12.001 does not apply to assignments of deeds of trust, so that Suniverse's claim under that statute fails as a matter of law and that, even if section 12.001 applies to the challenged assignments, Suniverse produced no evidence that the assignments were fraudulent or forged. Nationstar and US Bank also argued there was no evidence that they intended to cause injury to Suniverse.

Nationstar and US Bank alleged that Suniverse's negligence per se claim under section 192.007 of the Local Government Code fails because there is no private right of action under that statute and the statute does not require that an assignment of a deed of trust must be recorded. They argued that any negligence per se claim under section 12.002 of the Civil Practice and Remedies Code should be dismissed because an assignment does not constitute a lien under the statute. They also argued that Suniverse had not established that it belongs to the class of persons that the statutes were intended to protect, nor had it cited any authority that a violation of the statutes constitutes negligence per se. And they argued there is no

11

evidence of forgery or fraudulent destruction, removal, or concealment of a writing, nor any evidence that the Defendants intended to harm Suniverse.

As to Suniverse's claim for gross negligence, Nationstar and US Bank argued that Suniverse had produced no evidence of a duty owed to Suniverse, a breach thereof, that Suniverse suffered damages therefrom, or subjective knowledge of any risk. They also argued that, under Texas law, a debtor-creditor relationship does not impose any duty by the lender towards the borrower and that they could not have a negligence cause of action.

The Defendants also argued that Suniverse's fraud claim fails because Suniverse produced no evidence that Nationstar or US Bank made representations that were false or reckless, and no evidence that Nationstar or US Bank intended to induce Plaintiff to act upon any false or reckless representation, or that Plaintiff actually relied upon any such representation.

Nationstar and US Bank argued that Suniverse's claim for an accounting fails for lack of statutory authority or case law to support the claim. They also argued that a request for an accounting is not a claim for affirmative relief. Attached to the motion were exhibits purporting to be "a breakdown of the amount owing on the loan." Nationstar and US Bank argued that Suniverse's claim that Defendants were in violation of the applicable statute of limitations fails because Luis Nunez's bankruptcy filing in April 2012 tolled the statute of limitations until US Bank

12

obtained relief from the automatic stay in April 2015, Nationstar mailed Nunez a demand letter in May 2015, and a letter was sent in September 2016 unilaterally abandoning acceleration of the loan. According to Nationstar and US Bank, the total accrual time between the first alleged acceleration date and the recission letter was less than four years, and Suniverse presented no evidence that the statute of limitations expired.

Suniverse's Response to the Motions for Summary Judgment

In its response to the motions for summary judgment, Suniverse stated that a dispute existed concerning the July 4, 2017 notice of non-judicial foreclosure on the Property by US Bank and Nationstar. Suniverse argued that it had no contractual relationship with US Bank and Nationstar. According to Suniverse the most recent notice of sale indicates that US Bank is the mortgagee, but the most recent recorded assignment indicates that Nationstar is the mortgagee.

Suniverse argued that it has standing to challenge the 2010 Assignment (from MERS to US Bank) because in the petition Suniverse had alleged that the 2010 Assignment was forged, and a property owner may challenge mortgage assignments on grounds that render them void, such as forgery. Suniverse also argued that US Bank and Nationstar do not have the right to foreclose on the Property because MERS failed to disclose for whom it was acting in the 2010 Assignment and because the three recorded assignments constitute a broken chain of title. In addition,

13

Suniverse argued that because MERS never owned the note or Deed of Trust in any capacity other than as nominee, it had nothing to assign, and the 2010 Assignment did not effectively assign anything.

As to its claims that the assignments were forgeries, Suniverse alleged that the Defendants had "refused to respond to forgery discovery" and a fact issue about forgery existed. According to Suniverse, Tanny Hill, whose signature appears on the 2010 Assignment "was never an employee of MERS [and] was a robosigner who worked for ReconTrust Company, N.A." In support of this allegation, Suniverse identified Taniya (Tanny) Hill's name on an exhibit to the BANA and MERS motion for summary judgment. BANA and MERS had characterized this exhibit as "[a] true and correct copy of the MERS Corporate Resolution and Certifying Officers List" and the affidavit of Susan Magaddino, an officer of MERS stated that Tanny Hill was an authorized signer for MERS. Suniverse also challenged US Bank's standing to foreclose because the three recorded but unexplained assignments, in addition to the alleged forgeries, create a substantial controversy as to the parties' rights that declaratory judgment is appropriate to address, despite BANA and MERS having identified the 2011 and 2014 Assignments as superfluous.

As to its fraudulent lien claim under section 12.002 of the Civil Practice and Remedies Code, Suniverse argued that the Defendants had failed to negate any element of its claim. According to Suniverse, the assignments of the Deed of Trust,

14

while not liens, are fraudulent claims covered by section 12.002 and by having pleaded the discovery rule, its claim under section 12.002 is not barred by limitations because the forged documents were inherently undiscoverable. Suniverse argued its injury was to its title to the Property and it admitted it did not have evidence of forgery because Defendants had not responded to discovery requests.

Suniverse argued that the economic loss rule does not defeat its tort claims because the Defendants "are not actual counterparties to the deed of trust and note as a matter of law[]" and they are "strangers to the original contracts" who lack standing to contractual remedies. It also argued that because section 12.002 defines a mandatory standard of conduct, it may serve as a basis for a negligence per se claim. For the same reason, Suniverse argued that its negligence per se claims under section 192.007 of the Local Government Code and Chapter 32 of the Penal Code should survive summary judgment. Suniverse conceded that it could not prove negligence or gross negligence because Defendants had not responded to forgery-related discovery requests.

As to Suniverse's quiet title claim, Suniverse argues that it is not required to demonstrate fee simple or an uncontestable interest to prevail in a suit to quiet title as Nationstar and US Bank had argued. Suniverse conceded that BANA and MERS no longer claim an interest in the Property but challenged the argument that quiet title as to BANA and MERS is moot because any future attempt to foreclose by

Nationstar and US Bank "comes ultimately from the former claims of BANA and MERS." Suniverse also stated that it sought declaratory judgment to determine that BANA and MERS no longer have any rights to the Property.

Suniverse attached to its response copies of the 2006 Deed of Trust, the 2006 Warranty Deed, the 2010 Assignment, the 2011 Assignment, the 2014 Assignment, the 2017 Notice of Sale, and the Warranty Deed from the Nunezes to Suniverse.

Suniverse's Motions for Continuance and to Compel

Prior to filing its response to the motions for summary judgment, Suniverse filed a motion to continue the date for the summary judgment hearing. Suniverse stated that it could not present evidence essential to justify its opposition to the motions for summary judgment and needed more time to resolve discovery disputes. In particular, Suniverse focused on the need for additional evidence that the assignments in question were forged and that the chain of title had been broken. The motion for continuance also alleged that the parties had agreed on a mediation date of October 29, 2018—the same date as the summary judgment hearing—but the date had to be changed because the mediator had an unavoidable conflict.

About a week later, Suniverse filed motions to compel against Nationstar, MERS, US Bank, and BANA. Suniverse alleged that it could not come to an agreement about the production of documents with the Defendants, and that the

16

discovery it sought to compel was central to Suniverse's claims that the chain of assignments of the Deed of Trust included fraudulent or forged assignments.

The Trial Court's Orders

On November 20, 2018, the trial court granted BANA and MERS's traditional and no-evidence motions for summary judgment. The same day, the trial court also granted Nationstar and US Bank's traditional and no-evidence motions for summary judgment.

Suniverse filed a motion for new trial, objecting that the trial court did not rule on its motions for continuance and to compel discovery. The motion for new trial was set for submission, and the trial court denied the motion the same day. Suniverse timely filed its notice of appeal.

Issues

In two issues, Suniverse argues that (1) the trial court erred by refusing to rule on Suniverse's motion for continuance and motions to compel and (2) if the trial court implicitly denied these motions, the implicit denials were an abuse of discretion.

In three additional issues, Suniverse challenges the court's grants of summary judgment. Specifically, Suniverse argues that: (3) US Bank and Nationstar are not entitled to summary judgment because they failed to demonstrate their standing to conduct nonjudicial foreclosure as a matter of law or, in the alternative, a fact issue

exists on this issue, and a fact issue also exists on Nationstar's liability under section 12.002; (4) MERS is not entitled to summary judgment on Suniverse's claims for declaratory judgment and quiet title, and a fact issue exists on MERS's liability under section 12.002; and (5) BANA is not entitled to summary judgment on Suniverse's claims for declaratory relief and quiet title, and a fact issue exists on BANA's liability under section 12.002.

Motion for Continuance and Motion to Compel

In Appellant's first issue, Suniverse argues that the trial court abused its discretion by refusing to rule on its motion for continuance and related motions to compel. Appellees' motions for summary judgment were set for hearing on October 29, 2018, and Appellant's motion for continuance was set for hearing the same day. Appellant's motions to compel were set for hearing on November 13, 2018. The trial court did not enter an order ruling on the motions for continuance and to compel, and it granted Appellees' motions for summary judgment on November 20, 2018. Suniverse filed a motion for new trial after the court granted summary judgment for the Defendants, and in the motion for new trial, among other things, it objected that the court had refused to rule on the motion for continuance and motions to compel that had been set for submission. Appellant argues that the trial court abused its discretion by failing to rule on these motions because trial courts "have no discretion to refuse to rule[.]"

18

We review a trial court's ruling on a motion for continuance of a summary judgment hearing for an abuse of discretion. *See Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004); *D.R. Horton-Tex., Ltd. v. Savannah Props. Assocs., L.P.*, 416 S.W.3d 217, 222 (Tex. App.—Fort Worth 2013, no pet.) (citing *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 800 (Tex. 2002)). We also review a trial court's ruling on a motion to compel discovery for an abuse of discretion. *Dillard Dep't Stores, Inc. v. Hall*, 909 S.W.2d 491, 492 (Tex. 1995); *Stewart v. Lexicon Genetics, Inc.*, 279 S.W.3d 364, 373 (Tex. App.—Beaumont 2009, pet. denied). When reviewing under an abuse-of-discretion standard, we determine whether the trial court's action "was so arbitrary and unreasonable as to amount to a clear and prejudicial error of law[]" or without reference to guiding rules or principles, and we do not substitute our judgment for that of the trial court. *See BMC Software*, 83 S.W.3d at 800; *In re Nitla S.A. de C.V.*, 92 S.W.3d 419, 422 (Tex. 2002) (orig. proceeding); *D.R. Horton-Tex., Ltd.*, 416 S.W.3d at 222 (citing *Two Thirty Nine Joint Venture*, 145 S.W.3d at 161; *Cire v. Cummings*, 134 S.W.3d 835, 838-39 (Tex. 2004)). Absent a showing that the trial court acted arbitrarily and unreasonably, we will not disturb its decision on appeal. *See State v. Wood Oil Dist., Inc.*, 751 S.W.2d 863, 865 (Tex. 1988); *MKC Energy Invs., Inc. v. Sheldon*, 182 S.W.3d 372, 378 (Tex. App.—Beaumont 2005, no pet.).

Rule 33.1 provides that an implicit ruling may be sufficient to present an issue for appellate review. *See* Tex. R. App. P. 33.1. When a court fails to rule on a motion but takes other action inconsistent with what the motion requests, the motion is implicitly overruled. *See In re Z.L.T.*, 124 S.W.3d 163, 165 (Tex. 2003) (recognizing an implicit ruling on a request for a bench warrant where the trial court proceeded to trial without issuing a bench warrant or issuing a ruling on the request); *Conely v. Tex. Bd. of Criminal Justice*, No. 03-11-00094-CV, 2012 Tex. App. LEXIS 4354, at **13-14 (Tex. App.—Austin May 30, 2012, pet. denied) (mem. op.) (by granting the dispositive motion to dismiss without ordering the defendants to answer discovery, the district court implicitly denied the motion to compel); *Stauder v. Nichols*, No. 01-08-00773-CV, 2010 Tex. App. LEXIS 4369, at **12-13 (Tex. App.—Houston [1st Dist.] June 10, 2010, no pet.) (mem. op.) ("[B]y proceeding to submission of the motion for summary judgment as scheduled, the trial court necessarily implicitly denied appellants' request for a continuance."). The record in this case supports an inference that, by proceeding with the submission of the motions for summary judgment as scheduled and by granting the motions for summary judgment, the trial court necessarily implicitly denied Appellant's request for a continuance and motion to compel. *See Conely*, 2012 Tex. App. LEXIS 4354, at *14; *Stauder*, 2010 Tex. App. LEXIS 4369, at **12-13.

In deciding whether the trial court abused its discretion in denying a motion for continuance seeking additional time to conduct discovery or to obtain evidence, a court should consider the following nonexclusive factors: the length of time the case has been on file, the materiality and purpose of the discovery sought, and whether the party seeking the continuance exercised due diligence to obtain the requested discovery. *See Two Thirty Nine Joint Venture*, 145 S.W.3d at 161; *D.R. Horton-Tex. Ltd.*, 416 S.W.3d at 223 (citing *Two Thirty Nine Joint Venture*, 145 S.W.3d at 161).

A party may move for a no-evidence summary judgment after adequate time for discovery has passed. Tex. R. Civ. P. 166a(i); *Specialty Retailers, Inc. v. Fuqua*, 29 S.W.3d 140, 145 (Tex. App.—Houston [14th Dist.] 2000, pet. denied). "Adequate time" is determined by the nature of the cause of action, the evidence necessary to controvert the no-evidence motion, and the length of time that the case has been active. *See Specialty Retailers, Inc.*, 29 S.W.3d at 145. An affidavit seeking a continuance to obtain additional evidence must describe the evidence sought, explain its materiality, and demonstrate that the party requesting the continuance has used due diligence to timely obtain the evidence. *D.R. Horton-Tex., Ltd.*, 416 S.W.3d at 222-23; *MKC Energy Invs., Inc.*, 182 S.W.3d at 379.

Suniverse filed its motion for continuance on October 11, 2018, and it filed its motion to compel on October 18, 2018. The motions for summary judgment were

21

set for hearing on October 29, 2018. Suniverse attached the affidavit of Jeffrey C. Jackson to its motion for continuance. Therein, Jackson attested in relevant part:

> . . . Plaintiff Suniverse needs more time to secure discovery and resolve discovery disputes before hearing or submission is had or made.
>
> [] I must receive the discovery and resolve discovery disputes in order to obtain essential summary judgment evidence of my own to challenge Defendants' evidence and produce Plaintiff's own evidence in a summary judgment response. Suniverse has made good faith attempts to resolve discovery disputes but has been so far unsuccessful. While I am trying to obtain discovery responses informally as of this filing, Suniverse may soon file motions to compel.
>
> [] I have used due diligence to obtain the discovery from all Defendants, and I cannot get the evidence before the hearing any other way or from any other source.

Suniverse alleged that it needed more time for additional discovery on the Defendants' procedures and internal controls concerning assignments and appointment of substitute trustee, the veracity of signatures on the assignments, and discrepancies between notices of sale and recorded assignments. It also sought a continuance because mediation was pending. Suniverse's motion to compel alleged that Nationstar "did not respond adequately" to requests for production.

BANA and MERS filed a response to Suniverse's motion for continuance and argued that Suniverse had served written discovery on December 7, 2017, and that the discovery period had closed. Appellants BANA and MERS's alleged that Suniverse was not entitled to a continuance because

> All defendants have responded to Plaintiff's Discovery Requests and defendant Nationstar produced over 500 pages of documents. BANA and MERS produced approximately 100 pages of documents in

22

response to the Discovery Requests. On or about June 15, 2018, Defendants produced an additional 1200 documents in response to discussions with Plaintiff's counsel concerning an alleged "discovery dispute." Plaintiff did not raise any concerns about discovery since the supplemental production, and has only done so now as a means of stalling the Court's ruling on [the] Motions for Summary Judgment.

When Suniverse filed its motion for continuance and motion to compel, the case had been on file for almost a year since Plaintiff had filed its First Amended Petition in December 2017.[3] The parties do not dispute that Defendants had produced over 1000 documents by mid-June 2018. Suniverse did not request a continuance until October 11, 2018—eleven days before the motions for summary judgment were set for hearing. Suniverse did not move to compel discovery until October 29, 2018—the same day that the motions for summary judgment were set for hearing. The trial court could have determined that the affidavit supporting the motion for continuance did not describe the evidence sought or explain its materiality. *See D.R. Horton-Tex., Ltd.*, 416 S.W.3d at 222-23; *McMahan v. Greenwood*, 108 S.W.3d 467, 498 (Tex. App.—Houston [14th Dist.] 2003, pet. denied). "In a summary judgment context, it is generally not an abuse of discretion to deny a motion for continuance if the party has received the twenty-one days' notice required by Texas Rule of Civil Procedure 166a(c)." *MKC Energy Invs., Inc.*, 182 S.W.3d at 378-79 (citing *White v. Mellon Mortg. Co.*, 995 S.W.2d 795, 803

---

[3] The Appellant chose not to include the Original Petition in the record Appellant designated for inclusion on appeal.

23

(Tex. App.—Tyler 1999, no pet.); *McAllister v. Samuels*, 857 S.W.2d 768, 773 (Tex. App.—Houston [14th Dist.] 1993, no writ)). On this record, we conclude the trial court did not abuse its discretion by implicitly denying Suniverse's motion for continuance and motion to compel. *See D.R. Horton-Tex., Ltd.*, 416 S.W.3d at 222-23; *Stewart*, 279 S.W.3d at 373; *MKC Energy Invs., Inc.*, 182 S.W.3d at 387-79. We overrule issues one and two.

Standard of Review for Summary Judgment

Suniverse's remaining issues challenge the trial court's grant of summary judgment for the Defendants. We review grants of summary judgment de novo. *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015). We take as true all evidence favorable to the non-movant, indulge every reasonable inference in favor of the non-movant, and resolve any doubts in the non-movant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). "When a trial court's order granting summary judgment does not specify the grounds relied upon, the reviewing court must affirm summary judgment if any of the summary judgment grounds are meritorious." *See FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872-73 (Tex. 2000) (citing *Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995)).

When a party moves for both traditional and no-evidence summary judgments, we first consider the no-evidence motion. *Ford Motor Co. v. Ridgway*,

24

135 S.W.3d 598, 600 (Tex. 2004). If the non-movant fails to meet its burden under the no-evidence motion, there is no need to address the challenge to the traditional motion because it necessarily fails. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013).

On appeal, we review a no-evidence summary judgment de novo, viewing the evidence in a light that tends to support the finding of the disputed fact and disregard all evidence and inferences to the contrary. *See Minyard Food Stores*, *Inc. v. Goodman*, 80 S.W.3d 573, 577 (Tex. 2002). A no-evidence summary judgment motion is improperly granted when the respondent brings forth more than a scintilla of probative evidence that raises a genuine issue of material fact. *See King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003); *see also Ridgway*, 135 S.W.3d at 600. A genuine issue of material fact exists if the evidence "'rises to a level that would enable reasonable and fair-minded people to differ in their conclusions.'" *Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997) (quoting *Burroughs Wellcome Co. v. Crye*, 907 S.W.2d 497, 499 (Tex. 1995)). The evidence does not create an issue of material fact if it is "'so weak as to do no more than create a mere surmise or suspicion'" that the fact exists. *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 220 (Tex. 2017) (quoting *Kia Motors Corp. v. Ruiz*, 432 S.W.3d 865, 875 (Tex. 2014)). A party moving for traditional summary

25

judgment meets its burden by proving that there is no genuine issue of material fact and it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c).

Summary Judgment for US Bank and Nationstar

In issue three, Suniverse argues that US Bank and Nationstar were not entitled to summary judgment under the claims for declaratory relief and quiet title. In this issue, Suniverse contends that a fact issue exists as to Nationstar's liability under section 12.002 for recording the 2014 Assignment.

<u>Declaratory Judgment</u>

Suniverse contends that it has the right to seek declaratory judgment declaring that US Bank and Nationstar lack standing to conduct nonjudicial foreclosure. According to Suniverse, the three recorded assignments of the Deed of Trust indicate a broken chain of title and raise a fact issue on US Bank's and Nationstar's standing to conduct a nonjudicial foreclosure.

When an assignee of a security interest tries to foreclose on its interest in property, the mortgagor has a limited ability to prevent foreclosure by challenging the assignment. *Ybarra v. Ameripro Funding, Inc.*, No. 01-17-00224-CV, 2018 Tex. App. LEXIS 4367, at **6-7 (Tex. App.—Houston [1st Dist.] June 14, 2018, pet. denied) (mem. op.) (citing *Ferguson v. Bank of N.Y. Mellon Corp.*, 802 F.3d 777, 780 (5th Cir. 2015)). A mortgagor who is not a party to an assignment or a third-party beneficiary of the assignment cannot defend against an assignee's efforts to

enforce an obligation (such as foreclosure) on a ground that renders the assignment merely *voidable* at the election of the assignor—rather than *void*. *See Morlock, L.L.C. v. Bank of N.Y.*, 448 S.W.3d 514, 517 (Tex. App.—Houston [1st Dist.] 2014, pet. denied); *see also Ferguson*, 802 F.3d at 780-81. A mortgagor who is not a party to the assignment of a deed of trust must allege a ground that would render the assignment void in order to have standing to challenge the assignment. *See Ybarra*, 2018 Tex. App. LEXIS 4367, at *7; *Standiford v. CitiMortgage, Inc.*, No. 03-14-00344-CV, 2015 Tex. App. LEXIS 11269, at **9-10 (Tex. App.—Austin Nov. 3, 2015, pet. denied) (mem. op.).

Suniverse argued to the trial court that a property owner may challenge mortgage assignments on the ground of forgery, which would render the assignments void. Suniverse stated it had been unsuccessful in obtaining evidence of forgery but nevertheless suggested a fact issue existed on forgery. An officer of MERS attested by affidavit that Tanny Hill was authorized to sign the 2010 Assignment from MERS to US Bank as Trustee of the CSAB Trust in her capacity as Assistant Secretary and Vice President for MERS, as reflected in the Mortgage Electronic Registration Systems, Inc. Certifying Officers List attached as an exhibit to the affidavit. Suniverse did not present evidence to the contrary. On this record, the trial court could have concluded that Suniverse did not bring forth more than a scintilla of

probative evidence on fraud or forgery. *See Ridgway*, 135 S.W.3d at 600; *King Ranch*, 118 S.W.3d at 751.

Suniverse also argued that the 2010 Assignment to US Bank was void because MERS failed to disclose for whom it was acting and because the assignment was forged. Suniverse cites to no legal authority in support of its argument. *See* Tex. R. App. P. 38.1(i) (requiring that a brief be supported by citations to legal authority). Moreover, the Deed of Trust, signed by the Nunezes and recorded in the property records of Montgomery County, provided:

> . . . MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is a beneficiary under this Security Instrument.
> . . .
> The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the [Property].
> . . .
> Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

28

Suniverse presented no evidence to support its position that MERS's assignment was void. *See Ybarra*, 2018 Tex. App. LEXIS 4367, at **2-3, 15-16 (rejecting a similar argument where the original deed of trust identified MERS as lender's nominee and stated that MERS's assignee would become the deed's beneficiary). When MERS executed the 2010 Assignment to US Bank, US Bank obtained all of MERS's rights and interests in the deed of trust, including the right to foreclose and sell the Property. *See Bierwirth v. BAC Home Loans Servicing, L.P.*, No. 03-11-00644-CV, 2012 Tex. App. LEXIS 7506, at **16-17 (Tex. App.—Austin Aug. 30, 2012, pet. denied) (mem. op.) (citing *Campbell v. Mortg. Elec. Registration Sys.*, No. 03-11-00429-CV, 2012 Tex. App. LEXIS 4030, at *15 (Tex. App.—Austin May 18, 2012, pet. denied) (mem. op.)).

Suniverse urges us to apply the approach taken by the Supreme Court of Washington in *Bain v. Metropolitan Mortgage Group, Inc.*, 285 P.3d 34 (Wash. 2012). In *Bain*, the Washington high court addressed MERS's argument that it should be deemed to be the beneficiary under the deed of trust and concluded that MERS had not established that it was an agent for a lawful principal because MERS had failed to identify for whom it was acting as agent. *See* 285 P.3d at **44-46. We find *Bain* distinguishable because in our case, there is no evidence that MERS was seeking to foreclose or otherwise act as beneficiary under the deed of trust. According to Suniverse, the Houston Fourteenth Court "generally support[ed] the

29

*Bain* logic[]" in *Davis-Lynch, Inc. v. Asgard Technologies, LLC*, 472 S.W.3d 50, 60 (Tex. App.—Houston [14th Dist.] 2015, no pet.). We disagree. In *Davis-Lynch* the court addressed a different issue, that is, that an agency-principal relationship must exist in order to impose fiduciary duties on the agent. *See* 472 S.W.3d at 60-61. As we have discussed herein, in the facts now before us, the 2006 Deed of Trust specifically named MERS as nominee for the lender and its assigns.

Suniverse also argues on appeal that there is insufficient evidence that Nationstar is a mortgage servicer for US Bank, that US Bank is a mortgagee, or that Nationstar was the last party to whom the Nunezes were instructed to send their payments. Suniverse did not make these arguments to the trial court, and on appeal we may not consider new arguments not presented to the trial court because summary judgments may only be granted upon grounds expressly asserted in the trial court by motion or response. *See Dealer Comput. Servs., Inc. v. DCT Hollister RD, LLC*, 574 S.W.3d 610, 624 (Tex. App.—Houston [14th Dist.] 2019, no pet.) (citing Tex. R. Civ. P. 166a(c); *G & H Towing Co. v. Magee*, 347 S.W.3d 293, 297 (Tex. 2011)); *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 343 (Tex. 1993); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 677 (Tex. 1979)); *see also In re A.M.*, No. 09-19-00075-CV, 2019 Tex. App. LEXIS 7941, at *46 (Tex. App.—Beaumont Aug. 29, 2019, pet. denied) (mem. op.) (a party's argument on appeal must comport with its argument in the trial court); *Wohlfahrt v.*

*Holloway*, 172 S.W.3d 630, 639-40 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (same).

Nevertheless, we note that in his affidavit attached to Nationstar and US Bank's motion for summary judgment, Ryan Cable attested that Nationstar is the servicing agent for US Bank. Also attached were demand letters to Luis Nunez dated May 28, 2015, indicating that he was in default under the note and that payment should be sent to Nationstar. The Notices of Substitute Trustee Sale dated October 6, 2009, December 1, 2009, January 5, 2010, October 6, 2015, October 4, 2016, and July 4, 2017 show US Bank as the current mortgagee. The Notices of Substitute Trustee Sale dated October 6, 2015, October 4, 2016, and July 4, 2017 show Nationstar as mortgage servicer. Suniverse did not present more than a scintilla of evidence of probative evidence that raises a genuine issue of material fact on US Bank and Nationstar's standing to foreclose, and the trial court did not err in granting US Bank and Nationstar's no-evidence motion for summary judgment. *See Ridgway*, 135 S.W.3d at 600; *King Ranch*, 118 S.W.3d at 751.

Quiet Title

As to its claim for quiet title, Suniverse argued that Appellees incorrectly argued to the trial court that the plaintiff must recover on the strength of its own title and not the weakness of its adversary. "A suit to clear title or quiet title—also known as a suit to remove cloud from title—relies on the invalidity of the defendant's claim

to the property." *Essex Crane Rental Corp. v. Carter*, 371 S.W.3d 366, 388 (Tex. App.—Houston [1st Dist.] 2012, pet. denied). An equitable suit to quiet title "exists 'to enable the holder of the feeblest equity to remove from his way to legal title any unlawful hindrance having the appearance of better right.'" *Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) (quoting *Thomson v. Locke*, 1 S.W. 112, 115 (Tex. 1886)). The elements of a quiet title claim include: "(1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable." *U.S. Nat'l Bank Ass'n v. Johnson*, No. 01-10-00837-CV, 2011 Tex. App. LEXIS 10253, at *7 (Tex. App.—Houston [1st Dist.] Dec. 30, 2011, no pet.) (mem. op.). The plaintiff bears the burden to prove its superior equity and right to relief, and it is not enough to attack the weakness of the defendant's title. *See Hahn*, 321 S.W.3d at 531; *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.—Corpus Christi 2001, no pet.) ("A plaintiff in a suit to quiet title must prove and recover on the strength of his own title, not the weakness of his adversary's title."); *Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex. App.—Beaumont 2000, pet. denied). "A cloud on title exists when an outstanding claim or encumbrance is shown, which on its face, if valid, would affect or impair the title of the owner of the property." *Hahn*, 321 S.W.3d at 531.

Under these circumstances, a prerequisite to the Suniverse claim of equitable title is the tender of whatever amount is owed on the note. *See Wright*, 26 S.W.3d at 578 (explaining that the plaintiffs had no equitable title because the purchase price had not been paid in full); *Fillion v. David Silvers Co.*, 709 S.W.2d 240, 247 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.) (concluding mortgagors were not entitled to judgment for title because they had not tendered the amount owed on the mortgage debt); *see also Campo v. Bank of Am., N.A.*, No. H-15-1091, 2016 U.S. Dist. LEXIS 38874, at *14 (S.D. Tex. Mar. 24, 2016), *aff'd by* 678 Fed. App'x 227 (5th Cir. Mar. 2, 2017) (under Texas law, tender of the amount owed on the note is a prerequisite to recovery of title) (citing *Cook-Bell v. Mortg. Elec. Registration Sys., Inc.*, 868 F. Supp. 2d 585, 591 (N.D. Tex. 2012)); *see also Johnson v. Wood*, 157 S.W.2d 146, 148 (Tex. 1941) ("So long as Johnson had not performed his covenants by the payments of the purchase price, he had but an equitable right, but upon his performance that right ripened into an equitable title superior to that of Wood.").

The parties do not dispute that the Nunezes were obligated to make payments under the note but failed to do so. Neither does Appellant argue that Nunez or Suniverse tendered the funds necessary to cure the default. Therefore, Suniverse did not meet its burden to provide evidence of its superior title or evidence raising a fact issue thereon. *See Campo*, 2016 U.S. Dist. LEXIS 38874, at *16; *Wright*, 26 S.W.3d at 578. As explained above, Suniverse also failed to provide more than a scintilla of

33

evidence that fraud or forgery by Nationstar and US Bank renders the 2014 Assignment void and creates a cloud on title.

Section 12.002 Claim

Suniverse argues that a fact issue precluding summary judgment exists as to Nationstar's liability under section 12.002 for recording the 2014 Assignment. According to Suniverse an assignment of a deed of trust, while not a lien, is nonetheless a claim under section 12.002.

Chapter 12 of the Civil Practice and Remedies Code prohibits a person from making, presenting, or using a "'document or other record'" with:

(1) knowledge that the document or other record is a fraudulent court record or a fraudulent lien or claim against real or personal property or an interest in real or personal property;

(2) intent that the document or other record be given the same legal effect as a court record or document of a court created by or established under the constitution or laws of this state or the United States or another entity listed in Section 37.01, Penal Code, evidencing a valid lien or claim against real or personal property or an interest in real or personal property; and

(3) intent to cause another person to suffer:
    (A) physical injury;
    (B) financial injury; or
    (C) mental anguish or emotional distress.

*Lance v. Robinson*, 543 S.W.3d 723, 744 (Tex. 2018) (quoting Tex. Civ. Prac. & Rem. Code § 12.002(a)).

Assuming without deciding that the 2014 Assignment fell within the definition of a "document or other record" for purposes of a claim under section 12.002, Suniverse failed to produce more than a scintilla of probative summary

35

judgment evidence that Nationstar or US Bank *intended* to cause physical or financial injury, mental anguish, or emotional distress to Suniverse (or to the Nunezes). *See Ybarra*, 2018 Tex. App. LEXIS 4367, at \*\*19-20 (affirming no-evidence summary judgment on a section 12.002 where appellants failed to present evidence of intent to cause injury); *see also Lassberg v. Bank of Am., N.A.*, 660 F. App'x 262, 268-69 (5th Cir. 2016) (affirming summary judgment on section 12.002 claim where mortgagor provided no evidence that assignment of deed or appointment of substitute trustees were executed with intent to cause injury to mortgagor); *Preston Gate, LP v. Bukaty*, 248 S.W.3d 892, 897 (Tex. App.—Dallas 2008, no pet.) (affirming summary judgment on debtor's claim under section 12.002 where there was no evidence that appellees intended to cause injury). According to Suniverse, intent can be inferred from the act of filing, but it cites no legal authority for this argument. *See* Tex. R. App. P. 38.1(i). Under Texas law, the purpose of recording instruments conveying an interest in property is to give notice and to protect intended purchasers or encumbrancers *against* fraud due to secret grants or liens and to protect against debtors defrauding creditors by placing assets beyond their reach. *See KCM Fin. LLC v. Bradshaw*, 457 S.W.3d 70, 89 (Tex. 2015); *Corpus v. Arriaga*, 294 S.W.3d 629, 635 (Tex. App.—Houston [1st Dist.] 2009, no pet.).

In addition, Suniverse's own evidence—attached to its petition—reflects that the Nunezes were in default on the note as early as the October 6, 2009 Notice of

36

Substitute Trustee Sale, and there is no evidence that the 2014 Assignment was intended to cause injury. *See Lassberg*, 660 F. App'x at 269 ("Lassberg's loan was long delinquent, and there is no evidence that the foreclosure was intended to cause injury."). We conclude that the trial court did not err in granting summary judgment for Nationstar and US Bank, and we overrule Suniverse's third issue.

Summary Judgment for MERS and BANA

Appellant's fourth issue argues that MERS was not entitled to summary judgment on the claims for declaratory relief and quiet title and that there is a fact issue precluding summary judgment on MERS's liability under section 12.002. According to Appellant, "the MERS assignments are void as a matter of law for failure to identify for whom MERS was acting as a nominee and for forgery." However, Appellant cites no legal authority for this argument. *See* Tex. R. App. P. 38.1(i). As we have already discussed above, the original deed of trust identified MERS as the lender's nominee and stated that MERS's assignee would become a beneficiary. *See Ybarra*, 2018 Tex. App. LEXIS 4367, at **2-3, 15-16; *Bierwirth*, 2012 Tex. App. LEXIS 7506, at **16-17; *Campbell*, 2012 Tex. App. LEXIS 4030, at *15. We find no legal support for Suniverse's contention that the MERS assignments were void.

As to Suniverse's claim under section 12.002, Suniverse failed to present more than a scintilla of probative summary judgment evidence of intent to harm on

the part of MERS. *See Lance*, 543 S.W.3d at 744 (quoting Tex. Civ. Prac. & Rem. Code § 12.002(a)) (explaining that the party asserting a claim under section 12.002 bears the burden to prove intent to harm, among other things). The trial court did not err in granting a no-evidence summary judgment in favor of MERS on Suniverse's section 12.002 claim where Suniverse failed to present evidence creating a fact issue on intent to harm. *See Lassberg*, 660 F. App'x at 268-69; *Ybarra*, 2018 Tex. App. LEXIS 4367, at **19-20; *Preston Gate*, 248 S.W.3d at 897. We overrule Appellant's fourth issue.

In Appellant's fifth issue, Suniverse argues that BANA was not entitled to summary judgment on the declaratory judgment claim and quiet title claim because BANA did not clarify the chain and validity of the assignments upon which Nationstar and US Bank rely. Appellant also argues that a fact issue exists as to BANA's liability under section 12.002.

A declaratory judgment is appropriate if a justiciable controversy exists concerning the rights and status of the parties that may be resolved by the declaration sought, and there must be a real and substantial controversy involving a genuine conflict of tangible interests and not merely a theoretical dispute. *See Syphrett v. Nationstar Mortg. Co., L.L.C.*, No. 09-18-00451-CV, 2020 Tex. App. LEXIS 8787, at *40 (Tex. App.—Beaumont Nov. 12, 2020, no pet.) (mem. op.) (citing *EWB-I, LLC v. PlazAmericas Mall Tex., LLC*, 527 S.W.3d 447, 471 (Tex. App.—Houston

38

[1st Dist.] 2017, pet. denied)). In their motion for summary judgment, BANA and MERS declared that they no longer had any interest in the Property. On the record before us, we conclude that the trial court did not err in granting summary judgment for BANA on the declaratory judgment claim because Suniverse failed to offer evidence of a "real and substantial controversy" between the parties. *See id.*

As to the quiet title claim, we further conclude that the trial court did not err in granting no-evidence summary judgment for BANA on Suniverse's claim for quiet title because Suniverse failed to offer more than a scintilla of probative evidence that there is any outstanding claim by BANA or MERS that would affect or impair Suniverse's title to the property. *See Hahn*, 321 S.W.3d at 531; *Johnson*, 2011 Tex. App. LEXIS 10253, at *7. In its response to the motions for summary judgment, Suniverse argued that the 2017 Notice of Sale of the Property constituted evidence of a claim by the Defendants that affected title to the Property. The 2017 Notice of Substitute Trustee Sale does not name BANA, names MERS as nominee for the original lender, names US Bank as the current beneficiary, and names Nationstar as the current mortgage servicer. As to BANA and MERS, Suniverse argued only that "BANA and MERS have claimed an interest on the Property in the past." Therefore, we cannot say Suniverse offered more than a scintilla raising a genuine issue of material fact that Defendants BANA and MERS's have a claim on

the property that would affect or impair the title of the owner of the property. *See Hahn*, 321 S.W.3d at 531.

As to its claim under section 12.002, Appellant argues that intent to harm may be inferred from the act of filing. As we have already discussed herein, Appellant has offered no legal authority in support of this position. *See* Tex. R. App. P. 38.1(i); *Lance*, 543 S.W.3d at 744; *Ybarra*, 2018 Tex. App. LEXIS 4367, at **19-20. We overrule Appellant's fifth issue.

Having overruled all of Appellant's issues, we affirm the judgments of the trial court.

AFFIRMED.

_____
LEANNE JOHNSON
Justice

Submitted on December 22, 2020
Opinion Delivered February 18, 2021

Before Kreger, Horton and Johnson, JJ.